UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re:  ) Bankruptcy Case No. 10-67281-fra11
CLINTON SCOTT TUCKER and )
DELYNN G. TUCKER, )
  )
Debtors. ) MEMORANDUM OPINION

This Memorandum Opinion documents the bankruptcy court's ruling at a hearing held on November 3, 2011, at which confirmation of Debtors' individual chapter 11 Plan of Reorganization was denied based on the Plan's failure to meet the requirements of the Absolute Priority Rule. The Court's analysis of the issues and the reasons for its ruling follow.

## DISCUSSION

Debtors' First Amended Plan of Reorganization (Plan) provided for the payment of their creditors from future income and cash flow from the operations of their tanning salon business. The Plan provided for five classes of secured claims, one class of unsecured claims, and one class of equity security holders. Unsecured creditors would receive approximately 16.19% of the allowed amount of their unsecured claims through quarterly payments of varying amounts over a period of 61 months. Class 7 equity security holders (the Debtors herein) would not receive any distribution under the Plan, but would retain their interest in all assets of the estate, which would re-vest in the Reorganized Debtors upon confirmation.

// // //

Page 1 - Memorandum Opinion

Prior to the November 3 confirmation hearing, Debtors submitted a summary of the creditors accepting and rejecting the Plan. Class 6 unsecured creditors rejected the Plan, with slightly less than the required 2/3 of the dollar amount of allowable claims of voting creditors having voted to accept.

Absolute Priority Rule

11 U.S.C. § 1129(b)(2)(B)[1] provides that each member of a dissenting class of unsecured claims must either be paid an amount equal to the amount of its allowed unsecured claim as of the effective date of the plan, or

> (ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, <u>except that in the case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115</u>, subject to the requirements of subsection (a)(14) of this section [emphasis added].

The part of the provision cited above that is underlined was added as part of the 2005 revision of the bankruptcy code (BAPCPA) and confirmation of Debtors' Plan is dependent on how it is interpreted because junior Class 7 interest holders will remain in possession of property of the estate while senior Class 6 claimants, which rejected the Plan, will receive less than their allowable claims. Section 1115 was also added by BAPCPA to define property of the estate in an individual chapter 11 case:

> (a) In a case in which the debtor is an individual, property of the estate includes, in addition to the property specified in section 541 --
> (1) all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first . . . .

Debtors urge the court to adopt the interpretation of the added language to the Absolute Priority Rule commonly referred to as the "broad construction," which holds that the Absolute Priority Rule was abolished for individual chapter 11 cases. The reasoning of these courts is generally that § 1115 captures both pre- and post-petition property as property of the estate, which 1129(b)(2)(B)(ii) allows individual chapter 11 debtors to retain over a dissenting class of unsecured creditors. Examples of the "broad construction"

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.

Page 2 - Memorandum Opinion

interpretation include <u>In re Tegeder</u>, 369 B.R. 477 (Bankr. D. Neb. 2007), <u>In re Roedemeier</u>, 374 B.R. 264 (Bankr. D. Kan. 2007), <u>In re Shat</u>, 424 B.R. 854 (Bankr. D. Nev. 2010).

In contrast, other courts have adopted the so-called "narrow view" in concluding that the Absolute Priority Rule survived the changes made by BAPCPA for individual chapter 11 debtors. They come to this conclusion by finding that the phrase "included in the estate under section 1115" can only be interpreted as meaning "added to the bankruptcy estate by § 1115." <u>In re Gbadebo</u>, 431 B.R. 222, 229 (Bankr. N.D. Cal. 2010). <u>See also</u> <u>In re Kamell</u>, 451 B.R. 505 (Bankr. C.D.Cal. 2011)(adopts narrow view). The bankruptcy court in <u>In re Karlovich</u>, 456 B.R. 677 (Bankr. S.D. Cal. 2010) also adopted the narrow view in holding that a "plain, unambiguous reading" of the statutes at issue leads to the conclusion that § 1129(b)(2)(B)(ii) excludes from the Absolute Priority Rule only property "the debtor acquires after the commencement of the case . . . ." <u>Id</u>. at 681. The court noted that "[t]he effect of the new provision in § 1129(b)(2)(B)(ii) is not to abrogate the absolute priority rule, but to make it the same for individual and non-individual Chapter 11 debtors, as it was prior to BAPCPA." <u>Id</u>. at 681.

The Court agrees with the "narrow view" interpretation of § 1129(b)(2)(B)(ii) and adopts the reasoning and holding of Chief Judge Bowie in his <u>Karlovich</u> opinion. The Absolute Priority Rule as applied to individual chapter 11 debtors survived the changes made by BAPCPA to § 1129(b)(2)(B)(ii) and the addition of § 1115, and puts individual chapter 11 debtors in the same position as other chapter 11 debtors with respect to the Absolute Priority Rule.

<u>New Value Exception</u>

Given the Court's holding regarding the Absolute Priority Rule, it follows that caselaw providing an exception to the Absolute Priority Rule to "old equity" where "new value" is contributed to the reorganized debtor is also pertinent in the case of individual chapter 11 debtors. If the new value exception is met, it would allow such a debtor to "cram down" a dissenting class of unsecured creditors while still retaining an interest in the reorganized debtor. For a debtor's plan to be confirmed as "fair and equitable" over the objection of a dissenting class, the "new value" exception requires the individual chapter 11 debtor to offer value that is "(1) new, (2) substantial, (3) money or money's worth, (4) necessary for a successful

Page 3 - Memorandum Opinion

reorganization, and (5) reasonably equivalent to the value or interest received." In re Bonner Mall Partnership, 2 F.3d 899, 908-09 (9th Cir. 1993). The value must be "tangible, alienable, enforceable, and something of value to the creditors at the time the plan is confirmed." Northwest Bank Worthington v. Ahlers, 485 U.S. 197, 204 (1988).

Debtors state that Mr. Tucker will be contributing money to the Reorganized Debtor in the form of future salary earned by him over the term of the Plan. This, they argue, should constitute the new value necessary to allow Debtors to retain their interest in the business while the senior class of dissenting unsecured creditors is being paid less than the amount of their allowed claims. While it is laudable that the Debtors are willing to put additional personal money into the business to keep it going, the contribution of future salary does not, as the Court held at the November 3 hearing, constitute "new value" as it is defined in Ahlers. The Debtor's unsecured promise of payments out of anticipated future salary does not meet the requirement that the value given be in "money or moneys worth," because it cannot be exchanged in any market for something of value to the creditors at the time the plan is confirmed.

## CONCLUSION

Debtors' Chapter 11 Plan of Reorganization proposed to pay unsecured creditors less than their allowed claims while the individual Debtors, junior to the class of unsecured creditors, would continue to retain pre-petition property of the estate on account of their junior claim. Because the class of unsecured creditors voted to reject the Plan, the Plan cannot be confirmed because it violates the Absolute Priority Rule of § 1129(b)(2)(B)(ii), and the unsecured promise of payments out of expected future salary does not constitute "new value" to meet the "new value exception."

As the Court's minute order of the November 3 hearing indicates, Debtors will be given additional time to file an amended plan.

FRANK R. ALLEY, III
Chief Bankruptcy Judge